# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>HAROLD GASHE,<br><br>    Defendant. | No. CR07-4033-LTS<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

_____

This matter is before me on defendant Harold Gashe's pro se motion (Doc. 156) for compassionate release. Defendant also filed a supplement (Doc. 159) to his motion.

On May 27, 2008, United States District Judge Mark W. Bennett sentenced Gashe to 570 months' imprisonment after he pleaded guilty to (1) conspiracy to distribute 50 grams or more of methamphetamine after having been previously convicted of a felony drug offense in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846 and 851; (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(C); and (4) domestic abuser in possession of a firearm in violation of 18 U.S.C. § 922(g)(9). Doc. 98. On March 12, 2015, Judge Bennett reduced Gashe's sentence to 528 months pursuant to Amendment 782 to the sentencing guidelines. Doc. 116. Gashe filed several other motions to reduce his sentence, which were denied. Docs. 132, 134.

On August 23, 2020, Gashe filed a motion for compassionate release. Doc. 135. I denied that motion. Doc. 137. Gashe filed a motion (Doc. 138) to reconsider, adding new arguments. In his motions, Gashe argued that he had established extraordinary and compelling circumstances because of the threat the COVID-19 pandemic posed to him, in light of his particular health issues. Specifically, Gashe argued he suffered from Type

2 diabetes mellitus, severe obesity and hypertension, and therefore was at a higher risk if he were (re)infected with COVID-19. Doc. 144-1 at 8–9. I granted Gashe's motion to reconsider and appointed counsel for him (Doc. 139), but ultimately denied Gashe's request for compassionate release. *See* Doc. 148. In that denial, I declined to take make a finding on whether Gashe had alleged extrabodily and compelling circumstances:

> [g]iven the evolving nature of scientific knowledge and understanding concerning COVID-19, I find it neither prudent nor necessary to adopt a rigid approach to the threat posed by potential re-infection, as even if Gashe has shown extraordinary and compelling reasons, the 18 U.S.C. § 3553(a) factors weigh against early release.

*Id*. at 10. I further stated:

> having considered all of the § 3553(a) factors, I find that they combine to weigh strongly against early release. Gashe committed serious felony drug and firearm offenses and has a lengthy criminal history. He has not served even close to half of his already-reduced sentence. Neither his age nor his health conditions are so advanced as to prevent him from committing additional crimes if released. Gashe is not eligible for compassionate release.

*Id*. at 13. However, I noted that:

> in considering whether the § 3553(a) factors weigh in favor of release, the issues of what sentences similarly situated defendants would receive and what the applicable sentencing ranges are do become relevant. Thus, it is worth noting that Gashe's sentence under current law would likely be much shorter. Specifically, because the law now prohibits the stacking of § 924(c) charges, Gashe would not be bound by a twenty-five-year mandatory minimum. Additionally, his total offense level would likely be reduced to a 31. With a Criminal History Category of V, his guideline range would be 168 to 210 months' imprisonment. This weighs in Gashe's favor, to some extent.

*Id*.

Gashe is 57 years old. According to the online Bureau of Prisons (BOP) inmate locator, he is incarcerated at Forrest City Medium FCI in Forrest City, Arkansas, and

2

Case 5:07-cr-04033-LTS-KEM   Document 160   Filed 05/01/23   Page 2 of 4

has a projected release date of January 6, 2045. In his current motion, Gashe again raises his health concerns, the length of his sentence and his rehabilitation.

The term "compassionate release" refers to 18 U.S.C. § 3582(c)(1)(A), which allows a defendant to directly petition a district court for a sentence reduction "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." If a defendant fully exhausts administrative remedies, the court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Rodd*, 966 F.3d 740, 748 (8th Cir. 2020).

Gashe alleges he requested compassionate release from his facility's warden and did not receive a reply within thirty days. Doc. 156 at 4. Thus, I will assume he has exhausted his administrative remedies. However, he has failed to allege extraordinary and compelling reasons justifying early release, even considering the COVID-19 pandemic. The Eighth Circuit has declined to extend the definition of extraordinary or compelling circumstances to nonretroactive changes in the law. *See United States v. Crandall*, 25 F.4th 582, 586 (8th Cir.), *cert. denied*, 142 S. Ct. 2781 (2022) ("The views of a present-day Congress, like those of a present-day sentencing judge, about the appropriate punishment for a present-day offense do not establish an 'extraordinary and compelling reason' for reducing a sentence imposed years ago. The compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy.")

In addition, Gashe does not demonstrate that his health issues are significantly different from when I denied his previous motion. Indeed, the impact of the COVID-19 pandemic has significantly lessened since that time, with vaccines and treatments now readily available. Thus, I do not find his health concerns to be extraordinary or

3

compelling. Finally, efforts at rehabilitation cannot alone constitute an extraordinary and compelling reason for release. *United States v. Fine*, 982 F.3d 1117, 1119 (8th Cir. 2020) (citing 28 U.S.C. § 994(t)).

Because Gashe has failed to allege any extraordinary or compelling reason justifying compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), his motion (Doc. 156) is **denied**.[1]

**IT IS SO ORDERED.**

**DATED** this 1st day of May, 2023.

_____
Leonard T. Strand, Chief Judge

---

[1] I am aware the United States Sentencing Commission is proposing guideline amendments that may, if they take effect on November 1, 2023, change the analysis as to whether lengthy sentences based on laws that have since been changed can constitute extraordinary and compelling sentences. *See United States v. Rodriguez-Mendez*, No. 22-2399, 2023 WL 3067050, at *4 (8th Cir. Apr. 25, 2023) (citing the proposed amendment, which states, "[i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason...") However, at least until that amendment takes effect, *Crandall* remains controlling precedent. Additionally, individuals seeking compassionate release under that amendment would need to exhaust that issue in the BOP before seeking relief from a federal court.